UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JERRY BRAUDRICK, Personal Representative of THE ESTATE OF DEAN BRAUDRICK, JERRY BRAUDRICK and DIANE BRAUDRICK, husband and wife, individually, | ) ) ) ) ) ) ) | 2:06-cv-01934 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 6] |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY OF PHOENIX, a body politic, | ) ) ) | |
| Defendant. | ) ) ) | |

**I.  MOTION PRESENTED**

At docket 6, the plaintiffs filed a motion to remand this case to the Superior Court of Maricopa County, Arizona.  The defendants responded at docket 7.

**II.  DISCUSSION**

The plaintiffs based their motion to remand on the reasoning that the defendants' Notice of Removal to federal court was filed in an untimely fashion.  The complaint was first filed on June 29, 2006, in state court, and service on all parties was made on

July 7, 2006.  The Defendants filed a Notice of Removal on August 7, 2006, with the

United States District Court for the District of Arizona.[1]  The plaintiffs claim that pursuant

to 28 U.S.C. § 1446(a) and (b), the notice of removal should have been filed by August

6, 2006, one day before the defendants filed.  Section 1446(b) states that a notice of

removal should be filed within thirty (30) days after the receipt by the defendant,

"through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based."[2]  Section 1446(b) should be read

in conjunction with Federal Rule of Civil Procedure 6.[3]  Federal Rule 6(a) states that

Rule 6(a) applies in computing, "any period of time prescribed or allowed by these rules,

by the local rules of any district court, by order of court, or by any applicable statute."[4]

Under Rule 6(a), "[t]he last day of [a time] period [] shall be included, *unless it is a*

*Saturday, a Sunday, or a legal holiday.*"[5]  In this action, August 6, 2006, was the 30th

day after the defendants were served, and it fell on a Sunday.  Thus, the period under

Rule 6 of the Federal Rules of Civil Procedure "runs until the end of the next day which

is not" a Saturday, Sunday, or legal holiday.[6]  Here, the Defendants could file for

removal until the end of the day on August 7, and thus the August 7 filing was timely.

---

[1]Doc. 1.

[2]28 U.S.C. § 1446(b) (2000)

[3]28 U.S.C. § 1446(b) (2000); Fed. R. Civ. P. 6.

[4]Fed. R. Civ. P. 6(a).

[5]*Id.* (emphasis added).

[6]*Id.*

The plaintiffs also argue that the defendants waived their right to remove this action by seeking an extension of time to answer the complaint in Arizona state court.[7] Plaintiffs claim that this request constituted a waiver of the right to file notice of removal. It would take more than a request for an extension of time to answer to constitute a waiver of the right to remove.  In fact, Federal Rule of Civil Procedure 81(c) indicates that even an answer in state court itself would not waive the right to remove.[8]  Rule 81(c) states that in removed actions, "[r]epleading is not necessary unless the court so orders," and refers to "a removed action in which the defendant has *not* answered," as well as removed actions where, "at the time of removal[,] all necessary pleadings have been served."[9]  The Ninth Circuit has noted that "[a] waiver of the right of removal must be clear and unequivocal."[10]  Further, the Ninth Circuit has noted that where "a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove."[11]  A request for an extension of time to

---

[7]Doc. 6 at 6.

[8]Fed. R. Civ .P. 81(c).

[9]*Id.* (emphasis added).

[10]*EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003) (quoting *Resolution Trust Corp. V. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)).

[11]*Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (finding that a petition for rehearing filed in state court the same day as a notice of removal did not constitute waiver of right to remove).  *See also Haun v. Retail Credit Co.,* 420 F.Supp. 859, 864 (D.C.Pa. 1976) (noting that, "a defendant does not waive his right to remove when he answers in state court and then files a petition for removal").

answer in state court is not a clear and unequivocal manifestation of an intent to litigate in state court.

## V.  CONCLUSION

The plaintiffs' motion to remand for failure to file a timely Notice of Removal is **DENIED**.

DATED at Anchorage, Alaska, this 24th day of October 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE